# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA RODRIGUEZ-MORFIN, | Case No. 2:19-cv-02177-GMN-VCF |
| Petitioner, | |
| v. | **ORDER** |
| D.W. NEVEN, et al., | |
| Respondents. | |

Petitioner Maria Rodriguez-Morfin initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with an Application to Proceed *In Forma Pauperis* (ECF No. 1). She is a state prisoner in the custody of the Nevada Department of Corrections and she is proceeding in this action *pro se*, which means she is not represented by an attorney. *See* LSR 2-1.

Indigent prisoners may request permission under 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the standard five dollar ($5.00) filing fee for habeas petitions. To proceed in a habeas action without paying the filing fee, LSR 1-1 of the Local Rules of Practice and 28 U.S.C. § 1915 specifically require that three documents be submitted to the court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated,[1] (2) a copy of his or her inmate trust account statement for the six-month period prior to filing,[2] and (3) a signed financial affidavit showing an

---

[1] Local Special Rule 1-2 states that a prisoner:
> must simultaneously submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application. If the applicant has been at the institution for fewer than six months, the certificate must show the account's activity for this shortened period.

[2] Section 1915(a)(2) requires a prisoner to "*submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint*, which the prisoner must obtain "from the appropriate official of each prison at which the prisoner is or was confined." (emphasis added).

inability to prepay fees and costs or give security for them.[3]

Rodriguez-Morfin has requested authority to proceed IFP; however, her IFP application is incomplete. She submitted the required affidavit/acknowledgement, but she did not include the financial certificate or a copy of her inmate trust account statement. Although she may qualify to proceed IFP, the Court is unable to make such determination without all of the required documents. Rodriguez-Morfin's IFP application is therefore denied without prejudice and she will have approximately 45 days from the date of this order to either pay the $5.00 filing fee or submit a complete IFP application with all required attachments.

**IT THEREFORE IS ORDERED:**

1. Petitioner Maria Rodriguez-Morfin's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED WITHOUT PREJUDICE.

2. The Clerk of Court is instructed to MAIL Rodriguez-Morfin a blank IFP application for incarcerated litigants with instructions for completing the form.

3. Rodriguez-Morfin must file a complete IFP application by **February 3, 2020**, and must include: (i) a financial certificate signed by *an authorized prison official* and Rodriguez-Morfin, (ii) a financial affidavit and acknowledgement signed by Rodriguez-Morfin, and (iii) a statement of her inmate trust account for the six-month period prior to filing.

4. Alternatively, Rodriguez-Morfin must pay the $5.00 filing fee by **February 3, 2020**.

5. Rodriguez-Morfin's failure to comply with this order by (a) submitting an IFP application, or (b) paying the $5.00 filing fee before the February 3, 2020 deadline will result in the dismissal of this action without prejudice and without further advance notice.

///

///

///

---

[3] Section 1915(a)(1) states that a prisoner must submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."

6. The initial screening of the petition for writ of habeas corpus under the Rules Governing Section 2254 Cases is deferred to until such time as Rodriguez-Morfin has fully complied with this order.

DATED: December 23, 2019

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE