# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA RODRIGUEZ-MORFIN, | Case No. 2:19-cv-02177-GMN-VCF |
| Petitioner, | |
| v. | **ORDER** |
| D.W. NEVEN, et al., | |
| Respondents. | |

Petitioner Maria Rodriguez-Morfin, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Petitioner challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court"). *State of Nevada v. Rodriguez-Morfin*, Case No. CR13-2097B.[2] A jury found her guilty of three controlled substance offenses. The state court sentenced her to 10–25 years imprisonment and entered a judgment of conviction on July 29, 2014. Petitioner did not file a direct appeal but, on June 2, 2015, she filed a state petition for writ of habeas corpus seeking post-conviction relief. Following an evidentiary hearing, the state court denied relief. She

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

appealed. The Nevada Court of Appeals affirmed the state court's denial of relief. A remittitur issued on November 13, 2019.

On December 13, 2019, Petitioner initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) The Court instructed her to resolve the filing fee, and she timely complied. (ECF Nos. 3, 8, 9.) Her petition alleges two claims for relief under the United States Constitution. Having conducted an initial review, the Court directs service of the petition and a response.

**IT IS THEREFORE ORDERED:**

1. The Clerk of Court is directed to file the petition (ECF No. 1-1).

2. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition and this order.

3. Respondents will have 60 days from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

4. If Respondents file an answer to the petition, Petitioner will have 60 days to file a reply to the answer. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

5. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

6. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

7. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

8. All state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

9. A paper copy of any exhibits over 50 pages—for this case—must be delivered to the **Las Vegas** Clerk's Office and addressed to the attention of "Staff Attorney."  Paper copies must be (i) file-stamped copies, bearing the document number assigned by the CM/ECF system, (ii) securely bound on the left side to display the document and page numbers, and (iii) tabbed to display exhibit numbers or letters on the right side or bottom of the copies. *See* LR IA 10-3(i); LR IC 2-2(g).

DATED: May 8, 2020

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

3